09-0195-cv
Automobile Club of N.Y., Inc. v. Dykstra

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of December, two thousand nine.

PRESENT:   REENA RAGGI,
           PETER W. HALL,
                      *Circuit Judges*,
           BRIAN M. COGAN,[*]
                      *District Judge.*

----------------------------------------------------------------

AUTOMOBILE CLUB OF NEW YORK, INC.,

                      *Plaintiff-Appellant*,

     v.                                              No. 09-0195-cv

GRETCHEN DYKSTRA, as commissioner of the Department of Consumer Affairs of the City of New York, CITY OF NEW YORK,

                      *Defendants-Appellees.*

----------------------------------------------------------------

---

[*] District Judge Brian M. Cogan of the United States District Court for the Eastern District of New York, sitting by designation.

APPEARING FOR APPELLANT:      ERACH F. SCREWVALA, Robinson, Brog, Leinwand, Greene, Genovese & Gluck, P.C., New York, New York.

APPEARING FOR APPELLEES:      MORDECAI NEWMAN (Larry A. Sonnenshein, *on the brief*), *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Sidney H. Stein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on December 24, 2008, is REVERSED in part and the case REMANDED for further proceedings consistent with this order.

Plaintiff Automobile Club of New York, Inc. ("Auto Club") appeals from the district court's judgment, which, inter alia, (1) barred, on preemption grounds, enforcement of New York City's tow truck licensing scheme (the "Scheme") against all non-resident tow companies except those picking up disabled vehicles from the City, and (2) awarded Auto Club $651,856 in attorneys' fees and $6,293.98 in expenses in accordance with a November 3, 2006 order, as well as fees and expenses not covered by that order in an amount to be determined. We review a district court's determination as to preemption de novo, see Pacific Capital Bank, N.A. v. Connecticut, 542 F.3d 341, 351 (2d Cir. 2008), as we do its award of post-judgment interest under 28 U.S.C. § 1961, see Westinghouse Credit Corp. v. D'Urso, 371 F.3d 96, 100 (2d Cir. 2004). In doing so, we assume the parties' familiarity with the

2

facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

1.      Scope of Preemption

Auto Club submits that the district court's judgment impermissibly narrowed the scope of an earlier post-trial opinion and order issued in the case and upheld by this court on appeal. We agree.

In Automobile Club of New York, Inc. v. Dykstra, 423 F. Supp. 2d 279 (S.D.N.Y. 2006), the district court found three extraterritorial applications of the Scheme preempted by 49 U.S.C. § 14501: (1) application of the Scheme to non-resident tow companies passing through the City, (2) application of the Scheme to non-resident tow companies entering the City to pick up a vehicle, and (3) application of the Scheme to non-resident tow companies entering the City to drop off a vehicle. See id. at 285, 287. On appeal, we affirmed the district court's decision without qualification. See Automobile Club of N.Y., Inc. v. Dykstra, 520 F.3d 210, 212 (2d Cir. 2008) ("We affirm, holding that the enforcement of the City's licensing Scheme against out-of-City tow truck operators is preempted by 49 U.S.C. § 14501(c)(1)."); id. at 217. Given the absence of any decretal language to the contrary, our affirmance is properly construed as upholding preemption of all extraterritorial applications of the Scheme foreclosed by the district court, including application of the Scheme to non-resident tow companies conducting pick-ups in the City.

The City argues that the district court's 2008 judgment properly reflects the view that, while non-resident towers passing through New York City with a car in tow and those towing

3

a car into the City pose no threat of "chasing," non-resident towers seeking to pick up a disabled vehicle in the City do pose such a threat. The district court's 2006 opinion and order, however, was not so confined. It expressly concluded that the City's proffered safety justification – which, at trial, had little to do with chasing and everything to do with protecting consumers from suffering crimes at the hands of tow truck drivers – could not provide a basis for "prohibit[ing] legitimate tow trucks from elsewhere from entering New York City to pick up a tow." Automobile Club of N.Y., Inc. v. Dykstra, 423 F. Supp. 2d at 284-85. Moreover, in construing the safety justification at issue as the elimination of chasing, this court determined that, because the City "chose to impose [the] Scheme on all tow trucks that happened to be within its limits, regardless of whether they were chasing," and because it did so without articulating any reason why such broad enforcement was necessary, the Scheme was not genuinely responsive to safety concerns related to chasing. Automobile Club of N.Y., Inc. v. Dykstra, 520 F.3d at 216-17.

That we did not specifically reference non-resident tow companies picking up disabled vehicles in explaining why the City's enforcement was too broad, see id. at 217, does not exclude those companies from the reach of our holding. The examples we employed were intended to be illustrative, not exhaustive. Thus, because the district court concluded that extraterritorial application of the Scheme was preempted not only as to non-resident tow companies passing through the City or entering the City to drop off disabled vehicles, but also as to non-resident tow companies entering the City to pick up disabled vehicles, and because this court unequivocally affirmed that conclusion, the district court could not

4

thereafter exclude non-resident tow companies conducting pick-ups from the scope of preemption outlined in its judgment.

2.    Post-Judgment Interest

Auto Club submits that the district court erred in failing to provide for the payment of post-judgment interest on its award of attorneys' fees and expenses. We decline to address this argument for lack of ripeness. "Two factors inform our analysis of prudential ripeness: 1) the fitness of the issues for judicial decision; and 2) the hardship to the parties of withholding court consideration." Ehrenfeld v. Mahfouz, 489 F.3d 542, 546 (2d Cir. 2007) (internal quotation marks and citation omitted). Although the district court awarded Auto Club certain fees and expenses not covered by its November 2006 order, it deferred calculation of those fees and expenses and has, therefore, not made a conclusive ruling regarding Auto Club's claimed entitlement to post-judgment interest. As we discern no hardship arising from our withholding consideration of this question, we remand for the district court to determine in the first instance whether Auto Club is entitled to post-judgment interest and, if so, the method by which such interest is properly calculated.

3.    Conclusion

For the foregoing reasons, the judgment of the district court is REVERSED in part, and the case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

By:

5